*No Parties Added*
*No Summons Issued*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x   Case No. 08 cv 6482
JOHN FEANE, an individual; and ANN MARIE            (SCR)
FEANE, an individual,

              Plaintiffs,

                                                **FIRST AMENDED**
                                                **COMPLAINT**
                                                **AND DEMAND FOR**
           -against-                                **JURY TRIAL**

PHILLIPS & COHEN ASSOCIATES, LTD.,
ADAM S. COHEN, MATTHEW M. PHILLIPS and
JOHN AND JANE DOES NUMBERS 1 THROUGH 25,
SAID PERSONS BEING NAMED HEREIN AS THE
PERSONS WHO ALSO CONTROL THE POLICIES
AND PRACTICES INVOKED BY PHILLIPS &
COHEN ASSOCIATES, LTD.,

              Defendants.

------------------------------------------------x

### I. INTRODUCTION

1.  This is an action brought to remedy Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C.A. Sec. 1692, et. seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the law of the State of New York, specifically 22 New York General Business Law Section 349 (a) (hereafter "CPDAP") which provides consumers protection from deceptive acts and practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. sec. 1692K(d) and 28 U.S.C.A. sec. 1331 and 1337. Venue in this District is appropriate because Defendants' collection demands were received here. Plaintiff invokes the pendent jurisdiction of this Court to hear and decide claims arising under the law of the State of New York.

## III. PARTIES

3. Plaintiff, John Feane, is a natural person residing in Rockland County, New York.

4. Plaintiff Ann Marie Feane is a natural person residing in Rockland County, New York.

5. Each Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. sec. 1692a(3), in that Defendants sought to collect an alleged debt incurred by the Plaintiffs via an alleged GM MasterCard account.

6. Defendant Phillips & Cohen Associates, Ltd. (hereinafter referred to as "Defendant PCA") is, upon information and belief, a corporation existing, upon information and belief, pursuant to the laws of the State of New Jersey. On information and belief, the Defendant PCA

maintains a principal place of business located at 695 Rancocas Road, Township of Westampton, Burlington County, New Jersey and, upon information and belief, maintains associate offices located in various other States. The Defendant PCA is engaged in the business of collecting debts. The Defendant PCA collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant PCA is a "debt collector" as said term is defined in the FDCPA.

7. The Defendant Adam S. Cohen (hereinafter referred to as "Defendant Cohen") is a natural person residing, upon information and belief, in the State of New Jersey. The Defendant Cohen retains the title "Chief Executive Officer/ Co-Chairman" of the Defendant PCA. The Defendant Cohen is engaged in the business of collecting debts. The Defendant Cohen collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant Cohen is a "debt collector" as said term is defined in the FDCPA. The Defendant Cohen personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant PCA wherein said employees engaged in the unlawful conduct set forth below. The Defendant Cohen

personally control the illegal acts, policies, and practices utilized by the Defendant PCA and is, therefore, personally liable for all of the wrongdoing alleged hereinafter.

8. The Defendant Matthew M. Phillips (hereinafter referred to as "Defendant Phillips") is a natural person residing, upon information and belief, in the State of New Jersey. The Defendant Phillips also retains the title "Chief Executive Officer/ Co-Chairman" of the Defendant PCA. The Defendant Phillips is engaged in the business of collecting debts. The Defendant Phillips collects alleged debts which are allegedly in default and which were originally incurred, and alleged to be incurred, for personal, family and/or household purposes. Based upon said debt collection activity the Defendant Phillips is a "debt collector" as said term is defined in the FDCPA. The Defendant Phillips personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant PCA wherein said employees engaged in the unlawful conduct set forth below. The Defendant Phillips personally control the illegal acts, policies, and practices utilized by the Defendant PCA and is, therefore, personally liable for all of the wrongdoing alleged hereinafter.

9. The Defendants, JOHN and JANE DOES 1 through 25, are sued herein under fictitious names. Their true names and

capacities are unknown to Plaintiff at this time. When said true names and capacities are ascertained, Plaintiff will move to further amend this complaint by inserting same.

10. Plaintiff has information and beliefs and thereon alleges that Defendants, JOHN and JANE DOES 1 through 25, are natural persons and/or business entities all of who reside or are located within the United States. Said DOE Defendants personally created, instituted, and with knowledge such practices were contrary to law, acted consistent with and oversaw policies and procedures used by employees of the Defendant PCA wherein said employees engaged in the unlawful conduct set forth below. Said DOE Defendants personally control the illegal acts, policies, and practices utilized by the Defendant PCA and are, therefore, personally liable for all of the wrongdoing alleged hereinafter.

11. Each of the Defendants named herein all engaged in trade acts and practices within the state of New York as defined by 22 N.Y. G.B.L. Section 349(a) in that their business activity involves the regular attempts to collect consumer debts within New York State alleged to be due third parties.

### IV. FACTUAL ALLEGATIONS

12. The Plaintiffs allegedly incurred a personal debt via an alleged GM Mastercard debt.

13. That at a time unknown to the Plaintiffs said alleged debt was referred to the Defendant PCA for collection.

14. At no time relevant to this complaint did the Defendant PCA ever send Plaintiffs written notice of the alleged debt or their rights to dispute or request validation of same as required by 15 U.S.C. sec. 1692g.

15. Sometime prior to November, 2007 certain persons employed as debt collectors by the Defendant PCA contacted the Plaintiff John Feane via telephone at his place of employment, a municipal power provider.

16. That the telephone calls referred to in paragraph 15 occurred after the Plaintiff John Feane advised those PCA debt collectors multiple times that he could not receive their telephone calls at his place of employment.

17. Sometime prior to November, 2007 certain persons employed as debt collectors by the Defendant PCA contacted the Plaintiff Ann Marie Feane via telephone at her place of employment, an elementary school.

18. That the telephone calls referred to in paragraph 17 occurred after the Plaintiff Ann Marie Feane advised those PCA debt collectors multiple times that she could not receive their telephone calls at her place of employment.

19. That in a further effort to compel those herein described PCA debt collectors to cease and desist from contacting the Plaintiffs at their respective places of employment the Plaintiff Ann Marie Feane initiated a telephone communication with the Defendant PCA and did speak with a debt collector employed by the Defendant PCA who identified herself as "Miss Mullen".

20. That during the telephone conversation "Miss Mullen" advised the Plaintiff Ann Marie Feane that she (the Plaintiff Ann Marie Feane) was required to pay $11,000.00 (eleven thousand dollars) immediately on that date in conjunction with an alleged GM credit card debt account. Plaintiff Ann Marie Feane informed "Miss Mullen" that Plaintiffs had never received anything in writing concerning the alleged debt, that Plaintiffs had never heard of the law firm PCA, and requested that PCA send Plaintiffs something in writing concerning the alleged debt. "Miss Mullen" refused to send Plaintiffs anything in writing concerning the alleged debt and again demanded that Plaintiffs immediately pay PCA $11,000.00.

21. That in response to the demand for the payment of $11,000.00 the Plaintiff Ann Marie Feane advised "Miss Mullen" that she was not familiar with any GM credit card alleged debt and further advised that she was unable to pay $11,000.00 on that date as directed by "Miss Mullen".

22. In response thereto "Miss Mullen" advised the Plaintiff Ann Marie Feane that GM would "accept" $8,000.00. In response thereto the Plaintiff Ann Marie Feane advised that she could not pay $8,000.00. At that point a male joined the conversation, advised that he was "Miss Mullen's supervisor", and advised the Plaintiff Ann Marie Feane that he would garnish the wages earned by both Plaintiffs and commence legal action in a court if the Plaintiffs did not immediately satisfy the alleged GM debt.

23. That in response to the advisement concerning garnishment and legal action, and in the attempt to prevent said threatened garnishment and legal action and to prevent debt collectors employed by PCA from further contacting the Plaintiffs at their respective places of employment, the Plaintiff Ann Marie Feane requested that the Plaintiffs be accorded several days to attempt to obtain monies to pay the alleged GM debt. Said request was granted.

24. That several days thereafter "Miss Mullen" did contact the Plaintiff Ann Marie by telephone. At that time the Plaintiff Ann Marie Feane did advise "Miss Mullen" that she could only procure $4,000.00 of the demanded $8,000.00. The Plaintiff further advised that the Plaintiffs would attempt to pay the remaining $4,000.00 at the end of November, 2007. In response thereto "Miss Mullen" instructed the Plaintiff Ann Marie Feane to wire transfer the $4,000.00 which she had

procured and to forward a post-dated check for the remaining $4,000.00.

25. That in response to the directive of "Miss Mullen" and frightened due to the threats of garnishment and legal action and continued harassing telephone calls to the Plaintiffs at their respective places of employment, the Plaintiff Ann Marie Feane did wire transfer the $4,000.00 which she had procured and did forward a post-dated check to "Miss Mullen". The wire transferred was effected by the Plaintiff Ann Marie Feane to the Susquehana Bank DV as per the directive of "Miss Mullen".

26. That as a result of Defendants' false statements and threats, each Plaintiff suffered actual damages including, but not limited to, fear, distress, anxiety and worry.

## V. FIRST CAUSE OF ACTION

FAIR DEBT COLLECTION PRACTICES ACT

27. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a.  Violation of 15 U.S.C. sec. 1692d by engaging in conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt.

b. Violation of 15 U.S.C. sec. 1692e by engaging in false, deceptive and misleading representations in connection with the collection of a debt.

c. Violation of 15 U.S.C. sec. 1692e(2)(A) by falsely representing the character and legal status of any debt.

d. Violation of 15 U.S.C. sec. 1692e(5) by threatening to take action that cannot be legally taken and that is not intended to be taken.

e. Violation of 15 U.S.C. sec. 1692f by using unfair and unconscionable means in an attempt to collect a debt.

f. Violation of 15 U.S.C. sec. 1692g(a) by failing to send Plaintiffs written notice of, *inter alia*, their validation and dispute rights within five days after its initial communication with Plaintiffs in connection with the collection of the alleged debt.

28. As a result of the above violations of the FDCPA, the Defendants are liable to each Plaintiff in the sum of their respective actual damages and a sum of statutory damages in amounts to be determined at the time of trial plus costs and attorneys fees.

**PENDENT CLAIM**

## VI.  SECOND CAUSE OF ACTION

<u>NEW YORK'S CONSUMER PROTECTION FROM DECEPTIVE
ACTS AND PRACTICES ACT</u>

29.  That the statements made by debt collectors employed by the Defendants to each Plaintiff contained false threats and deceptive statements in regard to collection of an alleged debt and thereby violated the New York CPDAP statue in at least the following respects:

a. By misrepresenting the Defendants' ability to garnish the salaries of each of the Plaintiffs;

b. By creating false urgency in regard to an alleged personal debt;

c. By continually and repeated harassing the Plaintiffsat their respective places of employment after being repeatedly advised by each of the Plaintiffs that they could not accept telephone calls at their respective places of employment.

30. That the aforementioned acts constitute egregious, willful and malicious violation of the New York CPDAP statute.

31. That as a result of the foregoing acts in violation of the New York CPDAP, the Plaintiffs suffered actual damages including, but not limited to, fear, distress, anxiety and

worry.

32. As a result of the above violations of the New York CPDAP statute, the Defendants are liable to each Plaintiff in the sum of each Plaintiff's actual damages and a sum of statutory damages in amounts to be determined at the time of trial plus costs and attorneys fees.

33. That the New York Consumer Protection against Deceptive Acts and Practices Act authorizes the granting of injunctive relief.

34. That pursuant to the facts set forth heretofore herein, the Defendants should be permanently enjoined from engaging in the deceptive acts and practices set forth herein.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant the following relief in their favor and against the Defendants:

    a.    Actual damages for Defendants' violations of the FDCPA in amounts to be determined at the time of trial;

    b.    Statutory damages for Defendants' violations of the FDCPA in amounts to be determined at the time of trial;

    c.    Attorneys fees, litigation expenses and costs for Defendants' violations of the FDCPA;

    d.    Actual damages for Defendants' violations of the New York's CPDAP in amounts to be determined at the time of trial;

e.  Statutory damages for Defendants' violations of the New York's CPDAP in amounts to be determined at the time of trial;

f. Punitive damages for Defendants' violations of the law of the state of New York in a monetary amount to be determine at the time of trial or in the form of a nonmonetary order to perform specifics acts, said order to be fashioned at the time of trial;

g.  Costs and reasonable attorneys fees for Defendants' violations of New York's CPDAP;

h.  A permanent injunction enjoining Defendants from engaging in the deceptive acts and practices set forth herein.

i. For such other and further relief as may be just and proper.

Dated:   Haines Falls, New York
         July 23, 2008

_____
Robert L. Arleo (RA 7506)
Attorney for the Plaintiffs
164 Sunset Park Road
Haines Falls, NY 12436
(518)589-5264


### DEMAND FOR JURY TRIAL

Please take notice that the Plaintiffs demand trial by jury in this action.

_____
Attorney for the Plaintiffs